NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF TINA MARIE MESSINA, AKA CELEMENTIN MARIE MESSINA, MARGUERITE MESSINA, individually and as the Executrix of the ESTATE OF TINA MARIE MESSINA, CLEMENTIN MARIE MESSINA, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF NEW YORK MELLON, fka THE BANK OF NEW YORK, as Trustee for the Certificate Holders of CWALT, INC., Alternative Loan Trust 2005-10cb, Mortgage Passthrough Certificates, Series 2006-10cb; BANK OF AMERICA, N.A. fka BANK OF AMERICA CORP.; COMMUNITY LOAN SERVICING, LLC fka BAYVIEW LOAN SERVICING, LLC, MR. COOPER GROUP, LLC, <br><br> Defendants. | Civil Action No. 23-00104 (RK) (RLS) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court by way of a joint Motion to Dismiss filed by the

Defendants[1] in this matter, (ECF No. 48), to dismiss *pro se* Plaintiff Marguerite Messina's

---

[1] Defendants are: The Bank of New York Mellon f/k/a The Bank of New York ("BONY"), as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2005-10CB, Mortgage Pass-Through Certificates, Series 2005-10CB; Bank of America, N.A., f/k/a Bank of America Corp. ("BANA"); Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC ("CLS"); Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar").

("Plaintiff") Complaint, ("Compl.," ECF No. 1).[2] Plaintiff did not file an opposition. The Court

has considered the parties' submissions and resolves the matter without oral argument pursuant to

Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth

below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's claims will be dismissed

without prejudice.

## I.     BACKGROUND[3]

### A.  Factual Background

This action arises from a foreclosure action (the "Foreclosure Action") in New Jersey state

court that concluded on January 9, 2017, culminating in a foreclosure auction sale of Plaintiff's

childhood home and Plaintiff's eviction from said home on February 25, 2019. (Compl. at 6-9; *see*

*also* ECF No. 1-5 at 3.)[4] Plaintiff inherited her parents' home after the death of her mother in 2011.

(*Id.* at 6.) The house had an outstanding mortgage balance. (*Id.*) After her mother's death, Plaintiff

paid ongoing fees on the house including homeowner's insurance. (*Id.* at 4.) On February 24, 2015

the "Foreclosure Action" was initiated in New Jersey state court. (*Id.* at 6.) Plaintiff contested the

foreclosure, but the foreclosure was finalized on January 9, 2017. (*Id.*) The foreclosure auction

occurred on September 24, 2018, the house was purchased on October 1, 2018, and Plaintiff

unsuccessfully contested the sale in New Jersey state court. (*Id.*) Plaintiff was evicted on February

25, 2019. (*Id.*)

---

[2] Plaintiff submitted additional exhibits to her Complaint, which the Court will consider as part of her Complaint given Plaintiff's *pro se* status. (ECF Nos. 4 & 5.) The Court will also consider all documents Plaintiff filed in her first submission to the Court to be incorporated into her Complaint. (ECF No. 1.)

[3] Plaintiff submitted extensive additional facts to the Court pertaining to events unrelated to the substance of this litigation. The Court will only recite those facts it understands as pertinent to its analysis of Plaintiff's claims and the instant Motion to Dismiss.

[4] Where the parties have not provided internal page numbers, page numbers refer to the page numbers stamped by the Court's e-filing system.

Following Plaintiff's eviction in New Jersey, Plaintiff moved to Los Angeles, California. (*Id.* at 4.) Plaintiff claims her "whole life was wrapped around keeping the ancestral home forever." (*Id.*) Plaintiff further alleges that at the time she filed her Complaint she was being threatened with an "illegal eviction" in violation of her "'cover[age]' by the City of LA Eviction Moratorium and Rent Stabilization Ordinance." (*Id.* at 4.) Plaintiff alleges she "live[s] in an RSO hovel" where the landlord "believes he is above the law and is in non-compliance with the LA Housing Authority." (*Id.*) She further alleges that in his efforts to "illegally evict [her] from the hovel of an apartment in which [she] live[s]" Plaintiff's landlord is "moving forward with his reign of terror" and she expects "another illegal eviction notice on [her] door for New Years." (*Id.* at 9)

Plaintiff alleges her current landlord "knows of the illegal, physical eviction in New Jersey . . . and, is determined [] make [her] relive the horror-to make [her] homeless again." (*Id.*) Plaintiff further alleges the level to which her "immune system was [] taxed by the eviction in NJ, which was more like a home invasion" and the "harassment by [her] current landlord" caused her Covid-19 in 2020, resulting in a case of "Long Covid" that still significantly effects Plaintiff's ability to function. (ECF No. 1-5 at 1.) Plaintiff states that "the fraudulent foreclosure of [her] home in New Jersey . . . is the gift that keeps on taking . . . " and that she seeks relief from this Court because Defendants have "gain[ed] billions in fraudulent foreclosure-actions" like hers. (*Id.*)

Plaintiff brings this action on her own behalf and as the Executrix of her mother's estate. (*Id.*)[5] Plaintiff states that her inheritance, in the form of her parents' home, "was stolen by a

---

[5] Plaintiff asserts this Court has federal question jurisdiction and diversity jurisdiction over her Complaint under 28 U.S.C. §§ 1331, 1332. (Compl. at 2.) The Court notes that Plaintiff's Complaint originally misidentified several of the Defendants' corporate names and the proper states of citizenship to be used by the Court in a diversity analysis. (*Id.* at 2-3.) Defendants corrected the various misidentifications in their responsive submissions to the Court and provided the Court with their correct states of citizenship. (*See* ECF Nos. 15, 20, & 24; *see also* ECF No. 48 at 2.) Plaintiff's statement regarding the Court's basis for diversity jurisdiction also incorrectly identifies the Defendants as "Plaintiffs." (Compl. at 3.) Plaintiff corrected this error and properly identified the adverse parties as "Defendants" via a follow up letter to

labyrinth of shadow banks." (*Id.*) Plaintiff alleges that the foreclosure on her home and her subsequent eviction were "illegal." (*Id.* at 5.) Specifically, Plaintiff alleges: (1) that BONY defrauded Plaintiff by denying her the right to discovery in New Jersey Chancery Court and gave the "profit from [her] stolen home" to "unknown criminal entities"; (2) BANA defrauded Plaintiff by fraudulently transferring the mortgage on Plaintiff's home to a different servicing company, by "pretending not to be a party in the Foreclosure [Action]," and by illegally foreclosing on her home on behalf of BONY; (3) CLS (named in the Complaint as "Bayview") fraudulently pretended to be the mortgage's Master Servicer when it was acting on behalf of BANA; (4) Nationstar d/b/a Mr. Cooper purchased CLS in 2022 and thereby "inherited the guilt of all the malfeasance committed by the [D]efendants." (*Id.* at 5–6.)

The Court construes Plaintiff to bring claims under the following causes of action: the Truth in Lending Act ("TILA"), 15 U.S.C. ¶ 1601 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, *et seq.*; and common law fraud. (*Id.* at 3–5.) The Court understands Plaintiff's main factual assertion to be that she was improperly denied her rights as a successor-in-interest to the mortgage, and Defendants did not follow the proper procedures to help Plaintiff retain the house before filing the Foreclosure Action. (*Id.*) Plaintiff further alleges that during the Foreclosure Action, Defendants acted improperly and denied Plaintiff her rights, which resulted in the illegal eviction of Plaintiff from the home after selling it to a third party. (*Id.* at 8.)

Plaintiff seeks damages of $5,986,200.00 plus costs and fees of this litigation. (*Id.* at 9.) Plaintiff bases her damages on multiplying the following sum by three: the current value of the

---

the Court. (ECF No. 4 at 2.) Plaintiff also incorrectly listed the Estate of Tina Marie Messina's citizenship as California in the Complaint and provided an incorrect California address for the foreclosed home, which she subsequently corrected to the correct address in New Jersey where the eviction took place. (*Compare* Compl. at 1 & 3 with ECF No. 4 at 2.)

foreclosed home as estimated by the website Zillow.com at $842,400.00; remuneration for the $153,000 of homeowners insurance Plaintiff paid from her mother's death to the home's foreclosure; and $1,000,000 in damage to flora and fauna in Plaintiff's mother's botanical garden as well as the loss of historical trees, all of which were cut down by the house's third-party purchaser following the foreclosure auction. (*Id.* at 4, 8–9.)[6] Plaintiff alleges she is entitled to triple damages under the NJCFA, N.J.S.A. 56:8-1. (*Id.* at 4.) Plaintiff also seeks "extraordinary damages not just for [herself], but for the anonymous beneficiaries" in an amount left "to the discretion of the gentle Court, for the millions of Successors-in-interest who are now homeless or dead in the aftermath of bereavement" due to the actions of Defendants "gaining billions in fraudulent foreclosure-actions." (*Id.* at 9.) Plaintiff states here "pain and suffering will be lifelong" and that she "relive[s] the loss of [her] home hearth and the felling of [her] botanical garden daily and nightly." (*Id.* at 8.)

### B. Procedural History

Plaintiff filed the Complaint on January 9, 2023, followed by supplemental documents including an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1–6.) On March 16, 2023 the Court granted Plaintiff's request to pay the Court's filing fee without foregoing her IFP status and to order the United States Marshals Service to effectuate service of the Complaint. (ECF No. 7.) The parties held a conference on July 22, 2024 regarding the parties' joint letter proposing a briefing schedule for Defendants' Motion to Dismiss. (ECF Nos. 46 & 47.) On July 24, 2024,

---

[6] Although Plaintiff seeks a specific remuneration of $1,000,000 for the loss of the botanical garden, she alleges the "lost paradise" of her mother's botanical garden was priceless, and particularly ascribes significant value to the loss of the 170-year old "Mama Oak," a tree she had unsuccessfully lobbied the Manalpan Township to declare an historic tree and which she estimates was worth $300,000 in lumber alone. (Compl. at 8.) Plaintiff also considered two Japanese Red Maples that were cut down to be her "red-and-green siblings" cut down in their prime. (*Id.*) Plaintiff seeks the $1,000,000 "[t]hough the sweat equity [of] this paradise is worth more." (*Id.* at 4.)

the Court issued a Text Order directing the briefing schedule. (ECF No. 47.) By this point Plaintiff had made clear to the Court that she suffered from serious and ongoing mental and physical health issues. (*See* Compl. at 4; *see also* ECF No. 1-5 at 1; ECF No. 5 at 1; ECF No. 41 at 1-2.) In the Text Order, the Court Ordered that if Plaintiff could not comply with the Court's briefing schedule she would need to "submit an affidavit from a treating physician who attests to Plaintiff's diagnosis, limitations, and reasons she is unable to comply." (*Id.*)

Defendants filed the Motion to Dismiss on August 21, 2024. (ECF No. 48.) Plaintiff filed a letter requesting more time to answer on September 4, 2024, citing difficulties due to a vehicular accident. (ECF No. 49.) The Court notes that Plaintiff's reply brief was not due until September 20, 2024. On September 6, 2024, the Court issued a Text Order noting it was in receipt of Plaintiff's Letter, but that she had not complied with its prior Text Order and had not included an affidavit from a treating physician. (ECF No. 50.) The September 6 Order reiterated that Plaintiff had until September 20, 2024 to file an opposition to the Motion to Dismiss. (*Id.*) On September 23, 2024 the Court issued a Text Order notifying Plaintiff that if she failed to file her Opposition within seven days of the Order, the Court would treat Defendants' Motion to Dismiss as unopposed. (ECF No. 51.) As of the date of this Opinion, Plaintiff has not filed an opposition or any other additional materials with the Court.

## II.    LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE (12)(B)(1)

Under Rule 12(b)(1), a defendant may move to dismiss based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549

F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (citation and quotation marks omitted). Prior to filing an answer, a defendant's motion to dismiss is considered a facial attack. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (defendant's motion was a "facial attack" because it "filed the attack before it filed any answer to the Complaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed."). Here, because the Defendants have filed their Motions to Dismiss prior to answering the Complaint, the Court will construe the Rule 12(b)(1) motions as facial attacks. Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (when jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion).

### B. FEDERAL RULE OF CIVIL PROCEDURE (12)(B)(6)

Under Rule (12)(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." R. 12(b)(6). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). "A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). Notwithstanding the liberal interpretation, the complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).

## III.  DISCUSSION

Before the Court is Defendants' joint Motion to Dismiss, (ECF No. 48), supported by a brief ("Def. Br.," ECF No. 48-1). Plaintiff sought an extension of time to file her opposition, but ultimately did not file her opposition brief. (ECF Nos. 49, 50, & 51.)

Defendants argue Plaintiff's claims should be dismissed on the following five grounds: (1) the Court has no subject matter jurisdiction over this claim and is barred from ruling on Plaintiff's claim by the *Rooker-Feldman* doctrine, as Plaintiff asks the district court to review a state court final judgment, (Def. Br. at 7–12); (2) Plaintiff's claims are barred by *res judicata* under New

Jersey's claim preclusion laws; (*id.* at 12–16); (3) Plaintiff has not sufficiently stated a claim clearly establishing her cause of action or the relief sought comporting with Rule 12(b)(6) or Rule 8, (*id.* at 16–18); (4) New Jersey's entire controversy doctrine as applied to foreclosure actions bars Plaintiff's claims, (*id.* at 18–22); and (5) Plaintiff has otherwise failed to state a cognizable RESPA, TILA, or NJCFA claim and has not pled fraud with the particularity required by Rule 9(b), (*id.* at 22–33.) Defendants argue that if her claims are dismissed, Plaintiff should not be allowed to re-plead. (*Id.* at 33–34.)

Although Plaintiff did not file an opposition to Defendants' Motion to Dismiss, the Court will conduct its own analysis of whether Plaintiff sufficiently stated a claim upon which relief can be granted. *See, e.g., Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (remanding to the district court where claims were dismissed on the basis that no opposition to the motion to dismiss was filed rather than on the district court's analysis of the sufficiency of the claims); *see also Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836, at *4 (D.N.J. Sept. 17, 2024) (noting that "out of an abundance of care to the *pro se* Plaintiff" the court "addresses the substance of the [unopposed] Motion") (citing *Est. of Casella v. Hartford Life Ins. Co.*, No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009), *as amended* (Sept. 11, 2009)).Here the Court finds that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and Plaintiff's claims must be dismissed under Rule 12(b)(1).

The *Rooker-Feldman* doctrine "divests federal courts of jurisdiction where a federal action 'would be the equivalent of an appellate review' of a state court judgment." *Hogg's v. New Jersey*, 352 F. App'x 625, 629 (3d Cir. 2009) (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996)). *Rooker-Feldman* "ensures that federal courts show proper respect for their state counterparts" and "is grounded in principles of federalism." *Bass v. Butler*,

116 F. App'x 376, 381 (3d Cir. 2004). "[A] district court lacks jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Donnelly v. TRL, Inc.,* 420 F. App'x 126, 129 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)).

The Third Circuit has prescribed a four-part test to determine whether the doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284)).

Here, Plaintiff alleges fraud and malfeasance on the part of Defendants that improperly resulted in the foreclosure and subsequent sale of Plaintiff's mother's house. (Compl. at 5.) Plaintiff opposed the foreclosure and the resulting sale in New Jersey state court, and alleges her "right to a fair trial" was taken away in the state court action, where the "Chancery court allowed" circumstances in the "years-long Court battle in which [Plaintiff's] [c]ivil rights as an American were shattered." (Compl. at 5–6; *see also* ECF No. 1-2 at 1.) Plaintiff seeks damages based on the alleged value of the foreclosed-on house, fees she paid as upkeep on the house prior to eviction; recompense for damages Plaintiff alleges occurred to her mother's botanical garden following the sale of the house; and Plaintiff's pain and suffering as a result of the foreclosure. (Compl. at 8–9.) On the face of her complaint, Plaintiff alleges that she lost the Foreclosure Action and her subsequent objection to the foreclosure auction sale in state court, and that she brings this action

to compensate her for the harms she suffered there. (Compl. at 9.) As such, Plaintiff's claims meet

prongs one and two of the *Great Western Mining* test.[7]

As to prong three, Plaintiff alleges the foreclosure of her mother's home took place in

January 2017, and that the foreclosure auction took place in September 2018. (Compl. at 6.) As

this case was filed on January 9, 2023, there is no question that Plaintiff's claim was filed after the

state court action concluded meeting prong three. (*See generally* Compl.) Finally, Plaintiff seeks

relief from the Court in the form of review of the state court's judgment, meeting the fourth prong

required by the Third Circuit. (Compl. at 6–9.)

Therefore, the Court finds it lacks subject matter jurisdiction over Plaintiff's claims based

on the *Rooker-Feldman* doctrine and must dismiss Plaintiff's claims.[8] *See, e.g., Jacobsen v. Citi*

---

[7] The Court differentiates Plaintiff's Complaint from that examined by the Third Circuit in *Shibles v. Bank of America, N.A.*, as Plaintiff in this case has not sufficiently alleged actions from the Defendants separate from the state court judgment or injuries arising from the Defendants' actions rather than the state court's judgment. 730 F. App'x 103, 105 (3d Cir. 2018). It is well established that a *pro se* foreclosure action based on the entire controversy doctrine rather than the *Rooker-Feldman* doctrine where Plaintiff alleged injuries arising directly from the defendant bank's actions separate from the state court judgment.) Instead, Plaintiff directly complains of Defendants' actions in the state court foreclosure action itself and of the damages caused by the eviction. (*See* Compl. at 5-6 (alleging that BONY denied her the right of discovery in New Jersey Chancery Court, that BANY pretended not to be a party in the foreclosure action, and that CLS did not have standing to bring a foreclosure action against her or the estate).)

[8] While it is not necessary for the Court to engage in extensive analysis of Defendants' other arguments as it must dismiss this case based on the *Rooker-Feldman* doctrine, it agrees that Plaintiff did not meet the pleading standards required by Rule 12(b)(6), Rule 8, or Rule 9(b). It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). However, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim" and do so clearly, in a manner understandable to the court. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Plaintiff has not done so here, and the Court is not able to discern the factual background of Plaintiff's claims against Defendants, or how the facts she alleges support the claims she brings against each Defendant. Generally, Plaintiff's Complaint does not clearly or sufficiently allege why she is entitled to the relief she seeks. Notwithstanding the Court's need to liberally construe, a *pro se* plaintiff's complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013). Plaintiff's statement of facts is insufficient to support a plausible legal

*Mortg. Inc*, 715 F. App'x 222, 223 (3d Cir. 2018) (affirming the district court's dismissal where claims were based on a prior foreclosure action and plaintiffs asked the district court to override the state-court judgment); *see also Anderson v. Wells Fargo Bank, N.A.*, No. 23-00811, 2023 WL 8664593, at *4 (D.N.J. Dec. 14, 2023) (finding the elements requiring dismissal under the *Rooker-Feldman* doctrine were met where Plaintiff's interest was extinguished by the state court's foreclosure action, Plaintiff unsuccessfully challenged the order in state court, and the injury complained of directly related to the prior foreclosure action).

---

theory for the relief she seeks. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (noting that the "mere possibility of misconduct" does not show that the "pleader is entitled to relief" under Rule 8(a)(2)) (quoting *Iqbal*, 556 U.S. at 679).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** without prejudice. In an abundance of caution and without rendering any opinion as to the merits of *pro se* Plaintiff's potential claims, the Court grants Plaintiff thirty days to file an amended complaint, consistent with this Opinion. If Plaintiff chooses not to do so, this matter will be dismissed with prejudice, such that Plaintiff will be barred from filing suit against Defendants based on the facts in her Complaint. An appropriate Order will accompany this Opinion.

_____

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2024